**CORBALLY, GARTLAND and RAPPLEYEA, LLP**    **Proposed Hearing Date: June 4, 2019 at 11:00 A.M.**

Attorneys for Rhinebeck Bank    Return Date: _____
35 Market Street
Poughkeepsie, New York 12601
(845) 454-1110
Patrick T. Gartland, Esq. (PG0688)
Brooke D. Youngwirth (BY1210)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

In Re:                                            **Case No. 19-35795(cgm)**

                                                  **Chapter 11**

    G&D Leasing, Inc.,
                                                  **DECLARATION**
               Debtor.
------------------------------------------------------------------------X

    Brooke D. Youngwirth, Esq., an attorney duly admitted to practice law in the courts of the State of New York and, more particularly, in the Southern District of New York, hereby declares the following to be true under the penalties of perjury and pursuant to 28 U.S.C. § 1746:

1. I submit this Affirmation in Support of Rhinebeck Bank's Order to Show Cause in support of an expedited hearing with respect to its Motion to lift the automatic stay or in the alternative, to dismiss this action, among other relief.

2. Specifically, I submit this declaration pursuant to Rule 9077-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules") and pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and request that the Court shorten the notice period to consider the Motion which is filed contemporaneously herewith, and set the hearing for the Scheduling Motion on or before June 4, 2019 at

11:00 a.m. (the "Hearing Date"). A proposed Order to Show Cause is attached hereto as **Exhibit "A"**.

3. Rule 9006-1(b) of the Local Bankruptcy Rules and Rule 9006(f) of the Bankruptcy Rules provide that the Scheduling Motion requires fourteen (14) days' notice of the hearing plus three (3) days for mailing. Rule 9006(c) of the Bankruptcy Rules authorizes the Court, for cause shown, to reduce the notice period.

4. Rhinebeck Bank requests to proceed by Order to Show Cause to shorten the notice period and schedule a hearing for expedited consideration of the relief sought because Rhinebeck Bank has been and will continue to be severely prejudiced by a continued stay of this matter as the sale of this Property has been stayed four times. See annexed Motion to Lift Stay.

5. Not only does Rhinebeck Bank continue to incur more legal fees in responding to the instant bankruptcy petition, but each time the sale is stayed, and the longer it is stayed, Rhinebeck Bank loses potential bidders for the Subject Property.

6. Furthermore, interest continues to accrue on the amount owed under the Subject Note and Mortgage and Rhinebeck bank continues to incur thousands of dollars in expenses in re-noticing the sale repeatedly each time that the sale is stayed, paying for forced placed insurance, among other expenses.

7. Moreover, Rhinebeck Bank is concerned that the Debtor and/or the Prior Debtor, 119 Main Street, LLC will remove fixtures, equipment, hardware and/or transfer the Subject Property while the matter remains stayed.

8. Under the circumstances, as discussed within the annexed Motion, Rhinebeck Bank respectfully submits that expedited consideration of the Scheduling Motion is necessary and appropriate.

9. Rhinebeck Bank has informed all adversely named parties of the instant relief sought prior to filing.

10. On May 21, 2019, at 11:31 AM, I called Mr. Dino Toscani on his cell phone to inform him that Rhinebeck Bank would be filing the instant Order to Show Cause and corresponding Motion so that filing same would be done on notice to all potentially affected parties.

11. Upon information and belief, Mr. Toscani picked up the phone. However, the speaker identified himself as "Mr. Toscani's driver" and stated that he and Mr. Toscani were in the Virgin Islands currently.

12. I told him that Rhinebeck Bank would be filing the instant Order to Show Cause and corresponding Motion and requested that Mr. Toscani call me back.

13. The speaker stated that Mr. Toscani would not call me back and that I would have to call his attorney. I told him that I did not know that Mr. Toscani was represented in this matter and asked the name of the attorney.

14. The speaker said that he would have to call me back in a few hours.

15. The only attorney that I am aware of that the speaker may have been referring to is Mr. David Jedell. Mr. Jedell represents Debtor in the Supreme Court Action filed in Ulster County Supreme Court, Index No. 2019-1135.

16. However, Mr. Jedell represented to me and the Ulster County Supreme Court in an e-mail that he does not represent G & D Leasing, LLC with respect to this bankruptcy

3

matter. See **Exhibit "B"**. Currently, G & D Leasing, Inc. has filed the instant action *pro se*.

17. On May 21, 2019 at 11:44 AM, I sent Mr. Jedell an e-mail telling him that Rhinebeck Bank would be filing the instant Order to Show Cause. A true and accurate copy of that e-mail is annexed hereto as **Exhibit "B"**.

18. On May 21, 2019, at approximately 2:00 PM, Mr. Toscani called me. He told me he was flying back into New York tomorrow and that he was not represented by an attorney. He said that he did not want me to send him a copy of the proposed Order to Show Cause via e-mail today and that he would speak to me tomorrow.

19. On May 21, 2019, at approximately 11:38 A.M., I called Ms. Georgina Tufano on her cell phone.

20. Ms. Tufano answered the phone.

21. I identified myself as an attorney for Rhinebeck Bank and asked Ms. Tufano if she or 119 Main Street, LLC were currently represented by an attorney because I needed to speak to someone with respect to an Order to Show Cause that was going to be filed.

22. She stated, in sum or substance, that her prior bankruptcy attorney, Julie Curley, may still represent her with respect to some aspect of 119 Main Street, LLC's prior bankruptcy case, but not with respect to anything involving G & D Leasing, LLC or personally.

23. I told Ms. Tufano that Rhinebeck Bank was bringing the instant Order to Show Cause and Motion and asked whether I should send any communication with respect to that to Ms. Curley or to her. Ms. Tufano asked that I contact Ms. Curley, as well e-mailed

a copy of the proposed Order to Show Cause directly to her (Ms. Tufano's) personal e-mail. I e-mailed Ms. Tufano a copy of same. See **Exhibit "B"**.

24. It was my understanding from my law firm's prior communications with Ms. Curley that she does not currently represent Ms. Tufano or 119 Main Street, LLC.

25. However, in an abundance of caution, Patrick Gartland, a partner at my law firm, sent Ms. Curley an e-mail today to confirm same. Ms. Curley confirmed that she no longer represents 119 Main Street, LLC. See **Exhibit "B"**.

26. On May 21, 2019, at 3:27 P.M., I sent a copy of the Proposed Order to Show Cause annexed hereto as **Exhibit "A"** to Mr. Jedell and Ms. Tufano, personally and in her capacity as Managing Member of 119 Main Street, LLC, via e-mail. See **Exhibit "B"**. I believe that Mr. Toscani and Debtor will receive the proposed Order to Show Cause prior to signature via electronic filing. Your Affirmant will also send a full copy of same to Ms. Tufano via e-mail upon filing and will upload an affidavit of service with respect to same on the docket.

27. No previous application for similar relief has been made.

28. Accordingly, Rhinebeck Bank respectfully requests that the Court enter an order, in the form attached hereto as **Exhibit "A"**, granting Rhinebeck Bank's request to schedule an expedited hearing, shorten the notice periods, and grant such relief as this Court deems just and proper.

Dated: Poughkeepsie, New York
May 22, 2019

__/s/Brooke D. Youngwirth_____
Brooke D. Youngwirth, Esq. (BY1210)