PRO - SE
G & D LEASING, INC.
117 Main Street, Suite 6
New Paltz, New York 12401
(845) 430-9505

RECEIVED
MAY 30 2019
U.S. BANKRUPTCY COURT
POUGHKEEPSIE, NY

UNITED STATES BANKRUPCTY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

G & D Leasings, Inc.,

                        Debtor.
-----------------------------------------------------------X

Case No. 19-35795(cgm)

Chapter 11
Debtor Answer
Opposition
For Motion to Vacate
Automatic Stay

1. Existing November 6, 2018 ("Existing Order) granted to Rhinebeck Bank relief from the automatic stay granted Rhinebeck Bank from the automatic Stay for property known as 115-121 Main Street, LLC.

   This was the original 119 Main Street LLC bankruptcy filing – it does not refer to "all personal property" subject to the mortgage. NOTE: There was a UCC-1 signed by the purported Managing Member of 119 Main Street LLC which was filed attaching all furniture fixtures etc., however, 119 Main Street LLC, DID NOT OWN the furniture, fixtures etc., they were and still are owned by G & D LEASING INC.

   Rhinebeck bank was made aware of that, when the principal of G & D Leasing Inc., brought to the VP of Rhinebeck Bank in 2016 his personal financial statement while trying to obtain financing for a heavy equipment loan.

   Even though Rhinebeck Bank was aware that 119 MAIN STREET LLC did not own the personal furniture and fixtures, they still renewed said UCC-1 with a UCC-3 after being put on notice that the furniture and fixtures etc., were owned by G & D Leasing, Inc. This became known to G & D Leasing, Inc., approximately 4 months ago when in fact, G & D Leasing, Inc., had applied for a loan in order to purchase the property located at 115-121 Main Street, New Paltz, New York 12561, and was going to use the furniture and fixtures, etc., as a down payment.

1

This is where the problem begins. The purported owner of 119 Main Street LLC, gave authorization for the lender to put a UCC-1 against property not owned by 119 Main Street LLC.

When the principal of G & D Leasing Inc., found this out, he again contact Rhinebeck Bank to advise them that they had a fraudulent UCC-1 and the property did not belong to 119 MAIN STREET LLC but to G & D Leasing.

G & D Leasing had a confession of Judgement in the amount of approximately $697,000.00. This confession of judgement was to be the down payment for the purchase of the buildings located at 115-121 Main Street, New Paltz, New York for which G & D Leasing had obtained financing to pay off the existing mortgage.

However, when the lender(s) ran the title and was made aware that there was a UCC-1 against said property filed by Rhinebeck Bank, they would not allow G & D Leasing to obtain financing using the confession of judgment for the property as the down payment to obtain the monies to pay off Rhinebeck Bank.

All during this time that Rhinebeck Bank had been put on Notice that 119 Main Street did not own the furniture and fixtures, they continued to negotiate with the previous Debtor in BAD FAITH . Every time a figure was determined to be the reinstated figured, 119 Main Street LLC would obtain that amount and the bank would once again change the figure. This happened on four (4) different occasions.

FIRST DEBTOR, 119 Main Street, LLC and their respect Managing Members, Mr. Dino Toscani and Ms. Georgina Tufano ("Mr. Toscani and Ms. Tufano") "for acting in bad faith and attempting to mislead the Court.

2

RHINEBECK BANK has and continues to deliberately mislead this Court and every other Court that :

"That Mr. Toscani was or is a member of 119 Main Street LLC"
*__THIS IS NOT TRUE AT THIS TIME OR AT ANY TIME THAT HE CAN RECALL.__*
*__MS. TUFANO WAS ALWAYS 100% stock holder in 119 Main Street LLC.__*

### ARUGUMENT

#### Point I

Paragraph 1 "In seeking the protection of the Bankruptcy, a debtor, must have some intention of rehabilitation. Moreover, the filing of a bankruptcy petition merely to prevent foreclosure, without the ability or intention to reorganize, is an abuse of the Bankruptcy Code".

With all due respect to the Court, G & D Leasing, Inc, obtained title to the property on April 2nd, 2019 and the Deed was duly filed in the Ulster County Clerk's office on April 5th, 2019 as Instrument No. 2019-4368. Since the time G & D Leasing, Inc., has owned this property it has spoken with two (2) local lenders, all of which are reviewing the documents provided to them to issue a Commitment Letter. However, the issue of the UCC-1 and extended UCC-3 continues to be a hurdle in obtaining the financing needed, which is why G & D Leasing, Inc., is before this Court, to request that the UCC-3 be terminated in order for G & D Leasing Inc., to have clear to title to the property without any encumbrances other than the outstanding mortgage which will be paid off in approximately 45 to 60 days which is the normal turn-around time for a commercial loan closing. I respectfully submit to this Court that under no circumstances did this debtor or the previous debtor at anytime attempt to mislead this Court.

This debtor has lived in this building for the past 32 years. Any and all expenses Rhinebeck Bank discusses, this debtor has incurred since taking title on April 5th, 2019, due to the fact that Rhinebeck Bank will not negotiate in good faith to resolve this matter with this Debtor in the first place.

Paragraph 2 – As evidenced by exhibits annexed there Debtor has no intention of reorganizing"

Since G & D Leasing, Inc. has obtained title to the property fifty-six (56) days ago, we have filed a Summons and Complaint with the Ulster County Supreme Court, and Order to Show Cause with the Ulster County Supreme Court and an Amended Order to Show Cause with the Ulster County Clerk, in order to stay the foreclosure sale and allow the financing process to take place for G & D Leasing, Inc.,

In addition, since the last auction date which was stayed, on May 16th, G & D Leasing, Inc., has spoken to the VP of Commercial Lending on several occasions including a private meeting at his office on May 29th, in order to attempt to settle this matter.

I ask this Court, does this sound like a debtor who is trying to as "Rhinebeck Bank" through its attorney attempts to make it appear that this is a "stalling" tactic? I think not.

Clearly in fifty-six (56) days since G & D Leasing, Inc., has obtained title to the property one can see from the information above that a reorganization is of the utmost concern of this debtor and in having said that, has accomplished as much as humanly possible in this short amount of time.

"Rhinebeck through their attorney's state (Debtor has no intention of reorganizing, resolving debts or otherwise in this Court."

Again, I point out to the Court that G & D Leasing Inc., in the past fifty-six (56) days including Saturdays and Sundays (which are not work days for most in this industry therefore hindering our time schedule), has put everything in place to resolve this matter. The financing is pending and commitment letters are expected. We are expected to close on this deal within the next 45 to 60 days and at this point, G & D Leasing, Inc., does not feel it unreasonable to deny this Motion to lift the automatic stay considering all of the effort which has been made towards the positive end result, keeping in mind that G & D Leasing, Inc. has only owned this property for the past fifty-six (56) days.

"Page 3 Paragraph 3 – states ... "Other than the purported transfer of property to the Debtor, which upon information and belief, is merely a shell company owned by 119 Main Street's Managing Member's Paramour, Dino Toscani, no pertinent facts have changed since this Court granted the Prior Order."

4

G & D Leasing Inc., is not a "shell company" owned by 119 Main Street's Managing Member, Paramour, Dino Toscani. This is simply a direct lie to this Court. Rhinebeck Bank and through their attorneys as stated earlier, were given copies of the financial worth and asset ownership of G & D Leasing, Inc., when the principal of same met with the VP of commercial lending to secure funding for a heavy equipment loan. Again, G & D Leasing, Inc., states that it was when these documents were turned over to the bank that G & D Leasing, Inc., was made aware that the assets of this company were collateralized by a UCC-1 for the mortgage which was purportedly executed by the previous Managing Member to whom Rhinebeck Bank allowed to execute all of the lender's documents at closing.

Further, again, DINO R. TOSCANI IS NOT NOW NOR HAS EVER BEEN A MEMBER OF 119 MAIN STREET LLC emphasis added.

Further, Rhinebeck Bank through its attorneys' "states that Rhinebeck Bank has spent more money and incurred more loses from carrying a defaulted loan and advertising, administrative, forced place insure and legal costs to the Prior Debtor's attempts to thwart the foreclosure sale of the property"

G & D Leasing, Inc., is not responsible for any costs any previous Debtor has caused. As stated earlier, G & D Leasing, Inc., has owned the property for fifty-six (56) days. One cannot expect to hold a totally independent company responsible for a previous debtor's expenses. Furthermore, with respect to "force placed insurance", G & D Leasing, Inc. has had said premises insured from the day title transferred. Therefore that is just another false statement to this Court.

POINT II

With respect to the automatic Stay. G & D Leasing, Inc., believes that it has demonstrated that it has no other intention other to payoff Rhinebeck Bank and have a civil divorce where parties are made whole and can continue to enjoy a mutually gratifying professional relationship. In no way now or previously has G & D Leasing, Inc. mislead this Court as to its intention to obtain financing, payoff the outstanding mortgage to Rhinebeck Bank and walk away under the sunshine. However, we have had a few storms we had to endure and I pray that this Court will DENY this motion and allow G & D Leasing, Inc., the

5

opportunity to obtain its financing and settle this matter without any further Court intervention.

## CONCLUSION

G & D Leasing Inc., respectfully requests this Court to Deny this motion to lift the automatic stay, grant G & D Leasing, Inc. the 45 to 60 days it is requesting to close this loan and

ORDER, Rhinebeck Bank, upon the confirmation of a closing date, to prepare a UCC-3 to terminate said UCC-1 and UCC-3 financing filing to be held in escrow until closing so that said filing will not deny G & D Leasing, Inc., it financing.

DATED:    May 29th, 2019
          New Paltz, New York 12561

BY: DINO R. TOSCANI, President